IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HSBC BANK USA, N.A., as Trustee      :
for the registered holders of                :
Renaissance Home Equity Loan          :
Trust 2006-1,                                       :
                                                            :       CIVIL NO. 4:CV-08-1024
                                  Plaintiff       :
                       v.                              :       (Judge McClure)
                                                            :
DANNY A. KEENHOLD,                       :
                                                            :
                       Defendant.              :

## M E M O R A N D U M

March 2, 2009

**BACKGROUND:**

On May 23, 2008, plaintiff, HSBC Bank USA, N.A., as Trustee for the

registered holders of Renaissance Home Equity Trust 2006-1 ("HSBC"), instituted

this civil foreclosure action against Danny A. Keenhold.  (Rec. Doc. No. 1).  Now,

before the court, is plaintiff's motion for summary judgment, filed January 5, 2009,

requesting we foreclose and authorize sale of property subject to a defaulted

mortgage dated and acknowledged by defendant.  (Rec. Doc. No. 11).  In his

answer to plaintiff's complaint, defendant admits responsibility for the mortgage

and acknowledges the mortgage is in default, but denies that plaintiff has standing

to initiate this action and claims plaintiff's requested damages are inflated.  (Rec.

Doc. No. 2).  Plaintiff filed a supporting brief with its motion.  (Rec. Doc. No. 12).

Defendant has failed to respond.  This motion is now ripe for disposition.  For the

following reasons, we will grant plaintiff's motion for summary judgment.


**DISCUSSION:**

### I. Standard of Review

It is appropriate for a court to grant a motion for summary judgment "if the

pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is genuine "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving

party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material

facts" are those which might affect the outcome of the suit.  Id.; Justofin v.

Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving

for summary judgment has the burden to show an absence of genuine issues of

material fact.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir.

1996) (citations omitted).  When the moving party bears the burden of persuasion

at trial, it must point to evidence in the record that supports its version of all

material facts and demonstrate an absence of material facts to the contrary.

National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). If the moving party does not meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence. Id.

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact.  Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).  In evaluating a motion for summary judgment the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party.  Am. Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, 578 (3d Cir. 1995).


## II.  Statement of Facts

On or about January 16, 2006, defendant obtained a loan from Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for Delta Funding Corporation, for the sum of $157,500.00.  That same day defendant executed and

delivered to MERS a promissory note for the same amount.  To secure the loan, the

defendant executed and acknowledged a purchase money mortgage that mortgaged

to MERS property located at 404 Lamplight Estates, Brodheadsville, Pennsylvania

18322.  The mortgage was recorded in the Office of the Recorder of Deeds of

Monroe County on January 20, 2006.  MERS subsequently assigned the

promissory note and mortgage to HSBC, by written assignment, dated May 19,

2008.  The assignment was recorded in the Office of the Recorder of Deeds of

Monroe County on June 9, 2008.

Defendant defaulted on the loan on March 1, 2008.  Plaintiff alleges that

defendant is in default and currently owes $173,881.20 for the property, which

includes not only the principal balance and unpaid interest, but also includes

interest recapture, attorney's fees, late fees and costs.

Defendant generally denies plaintiff's standing to prosecute this action and

plaintiff's requested damages and costs.  In mortgage foreclosure actions, however,

Pennsylvania courts have held that general denials constitute admissions.  First

Wisconsin Trust Co. V. Strausser, 653 A.2d 688, 692 (Pa. Super. Ct. 1995); see

New York Guardian Mortgage Corp. v. Dietzel, 524 A.2d 951, 952 (Pa. Super. Ct.

1987).  Moreover, plaintiff has provided sufficient evidence of standing, damages

and costs by attaching to its complaint a copy of the promissory note and

mortgage, (Rec. Doc. No. 11-5), document assigning the promissory note and

mortgage to HSBC, (Rec. Doc. No. 11-4), and an affidavit attesting to the legitimacy of the requests damages and costs.  (Rec. Doc. No. 11-8).  Because defendant has failed to properly oppose these facts, they are deemed admitted.  <u>See</u> L.R. 56.1.

## III.  <u>Analysis of Summary Judgment Motion</u>

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation."  <u>Chemical Bank v. Dippolito</u>, 897 F. Supp. 221, 224 (E.D. Pa. 1995).  Defendant concedes the existence of the mortgage in question, his resulting obligation and his default, but disputes plaintiff's standing to bring this action and the requested damages and costs.  Plaintiff, as aforementioned, has provided sufficient evidence of default, standing, damages and costs.  Defendants, on the other hand, have not provided any evidence to create a genuine issue of material fact sufficient to defeat plaintiff's motion for summary judgment.

IV. <u>Conclusion</u>

Because plaintiff has established the existence of an obligation secured by a mortgage and a default on that obligation, we will grant plaintiff's motion for summary judgment.

<u>s/ James F. McClure, Jr.          </u>
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HSBC BANK USA, N.A., as Trustee :
for the registered holders of :
Renaissance Home Equity Loan :
Trust 2006-1, :
 : CIVIL NO. 4:CV-08-1024
    Plaintiff :
    v. : (Judge McClure)
 :
DANNY A. KEENHOLD, :
 :
    Defendant. :

**O R D E R**

March 2, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's "Motion for Summary Judgment" is GRANTED.  (Rec.

Doc. No. 11).  In rem judgment is entered in favor of plaintiff and against

defendants in the amount of $173,881.20 as follows: Principal in the amount of

$154,898.50; plus interest accruing through December 31, 2008, in the amount of

$12,080.73; plus property inspection fee in the amount of $31.50; plus escrow

deficit in the amount of $668.12; plus title report fee in the amount of $300.00;

plus property valuation expense in the amount of $222.00; plus certified mailing

costs in the amount of $31.26; plus NSF fee in the amount of $50.00; plus

satisfaction costs in the amount of $136.50; less a suspense credit in the amount of

$312.41; plus attorney's fees and costs in the amount of $5,775.00.  Further, the

Court finds and rules that plaintiff is entitled to in personam judgment against

defendant for the remaining balance due plaintiff, after the sale of the Property.

2.  Plaintiff is also entitled to interest of $36.27 per day from December 31,

2008 to the date of this order together with costs for service by U.S. Marshal

Service.

3.  That the promissory note and mortgage between plaintiff and defendant

are foreclosed as to the real property described therein.  In accordance with Section

204(1) of the National Housing Act there is no right of redemption in the

mortgagor or any other person.

4.  That the real property described therein sold according to the following:

(a)  The United States Marshal for the Middle District of Pennsylvania

is directed to sell the real property specified in the mortgage between plaintiff and

defendants for cash to the highest bidder at a public, judicial sale pursuant to Title

28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale

in one newspaper regularly issued and of general circulation in the country and

judicial district where the real estate is situated; plaintiff may advertise a short

description of the property rather than a complete legal description.

(b) Ten percent (10%) of the highest bid must be deposited in certified

check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder.  The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured.  The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps.  If plaintiff is not the successful bidder, plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

(c)  Plaintiff, HSBC or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and

Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises.

       (d)  Motion for Confirmation of the public sale shall be made by the Marshal or the plaintiff to the court 30 days after the date of sale.

5.  That upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this court.

6.  That plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

7.  That a true copy of this Order and decree shall be delivered to the United States Marshal by the clerk.

8.  That jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge